**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4311**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

TRAVIS EDWARD DITTRICH,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (7:08-cr-00094-D-1)

Submitted:  February 19, 2010        Decided:  March 15, 2010

Before KING, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Edward Dittrich pled guilty to fifteen counts of receiving child pornography, 18 U.S.C.A. § 2252(a)(2) (West Supp. 2009) (Counts 1-15), and to one count of possessing child pornography, 18 U.S.C.A. § 2252(a)(4)(B) (West Supp. 2009) (Count 16). (JA 6-41). The district court imposed a 144-month sentence for Counts 1-15 and 120-month concurrent sentence for Count 16. Both sentences were imposed within Dittrich's properly-calculated advisory Sentencing Guidelines range. Dittrich timely appeals his sentence, alleging that the district court procedurally erred because it rejected his assertion that his criminal history was overstated. For the reasons that follow, we affirm.

First, we find no abuse of discretion in the district court's sentencing of Dittrich. Gall v. United States, 552 U.S. 38, 49 (2007) (providing review standard). Second, our review of Dittrich's sentence reveals it was procedurally and substantively reasonable, United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009), and we apply a presumption of reasonableness to a sentence within the proper Sentencing Guidelines range. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Finally, we conclude that the district court did not err in rejecting Dittrich's argument that his criminal history category of III over-represented his actual criminal

2

history, see generally U.S. Sentencing Guidelines Manual § 4A1.3(b) (2008) (permitting downward departure based on over-represented criminal history), and that the district court adequately explained on the record its decision not to depart on this basis. Carter, 564 F.3d at 328.

Accordingly, we affirm Dittrich's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3